# United States District Court

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| | Case number: 4:09-CR-122-Y (02) |
| SALVADOR MANUEL GARCIA-COVARRUBIAS | Joshua T. Burgess, assistant U.S. attorney |
| | J. Steven Bush, attorney for the defendant |

On January 25, 2010, the defendant, Salvador Manuel Garcia-Covarrubias, entered a plea of guilty to count one of the one-count indictment filed on September 9, 2009.  Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) & (b)(1)(B) | Possession of a Controlled Substance With Intent to Distribute, a Class B felony | August 24, 2009 | One |

The defendant is sentenced as provided in pages two through three of this judgment.  The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100 for count one of the one-count indictment.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed May 17, 2010


_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed May 17, 2010

Case 4:09-cr-00122-Y   Document 110   Filed 05/17/10   Page 2 of 3   PageID 368

Judgment in a Criminal Case
Defendant:  Salvador Manuel Garcia-Covarrubias                                          Judgment -- Page 2  of  3
Case Number:  4:09-CR-122-Y (02)

## IMPRISONMENT

The defendant, Salvador Manuel Garcia-Covarrubias, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 121 months on count one of the one-count indictment.

The defendant is remanded to the custody of the United States marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of four years on count one of the one-count indictment.

Pursuant to 18 U.S.C. §3583(d), as a condition of supervised release upon the completion of the sentence of imprisonment, the defendant shall be surrendered by the Federal Bureau of Prisons to a duly authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. §1101 *et seq*. As a condition of supervised release, if ordered deported, the defendant shall remain outside the United States.

If the defendant is not deported immediately upon release from imprisonment, or should the defendant ever be within the United States during any portion of the term of supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission the defendant shall:

( 1)  not leave the judicial district without the permission of the Court or probation officer;
( 2)  report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3)  answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)  support the defendant's dependents and meet other family responsibilities;
( 5)  work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)  notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)  refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)  not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)  not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)  permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11)  notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)  not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13)  notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition, the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

    cooperate in the collection of DNA as directed by the probation officer;

    report in person to the probation office in the district to which the defendant is released from the custody of the Federal Bureau of Prisons, or in which the defendant makes entry into the United States, within seventy-two (72) hours of release or entry;

    refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer;

    participate in a program (inpatient and/or outpatient) approved by the probation office for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use; abstain from the use of alcohol and all other intoxicants during and after completion of treatment; contribute to the costs of services rendered (copayment) at the rate of at least $10 per month; and

    not illegally reenter the United States if deported or allowed voluntary departure.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                               United States marshal

                                                      BY _____

                                                                 deputy marshal