1

```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF TEXAS
                  FORT WORTH DIVISION

UNITED STATES OF AMERICA      .  CRIMINAL ACTION NO.
                              .  4:09-CR-122-Y
V.                            .
                              .
SALVADOR MANUEL GARCIA-       .  Fort Worth, Texas
COVARRUBIAS                   .  January 25, 2010
. . . . . . . . . . . . . . . . .



              TRANSCRIPT OF PROCEEDINGS
                 (Rearraignment Hearing)
         BEFORE THE HONORABLE TERRY R. MEANS
              UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Government: | MR. JOSHUA T. BURGESS |
| | United States Attorney's Office |
| | 801 Cherry Street, Suite 1700 |
| | Fort Worth, Texas  76102-6897 |
| | (817) 252-5200 |
| For the Defendant: | MR. J. STEVEN BUSH |
| | Attorney at Law |
| | Western Union Building |
| | 314 Main Street, Suite 200 |
| | Fort Worth, Texas  76102 |
| | (817) 878-2770 |
| Court Reporter: | MS. ANA P. WARREN |
| | U.S. District Court Reporter |
| | 501 W. 10th Street, Room 201 |
| | Fort Worth, Texas  76102-3637 |
| | (817) 850-6681 |

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

2

1    *P R O C E E D I N G S*

2         (Commencing, 1:35 p.m.)

3              THE COURT:  The Court calls Cause Number

4    4:09-CR-122-Y-(2), United States of America versus Salvador

5    Manuel Garcia-Covarrubias.

6         Are the parties ready to proceed?

7              MR. BURGESS:  Government's ready, Your Honor.

8              MR. BUSH:  Yes, Your Honor.

9              THE COURT:  Let the record reflect that Mr. Mike

10   Mahler, the court certified Spanish interpreter, is present

11   and has previously been sworn to assist Mr. Garcia.

12        Mr. Garcia, would you please raise your right hand and be

13   sworn?

14        (Defendant Garcia sworn by the clerk)

15             THE COURT:  Mr. Garcia, do you understand that you

16   are now under oath and that if you answer any of my questions

17   falsely, your answers may later be used against you in a

18   prosecution for perjury or making a false statement?

19             DEFENDANT GARCIA:  Yes.

20             THE COURT:  Mr. Garcia, it is my understanding that

21   you are here today to enter a plea of guilty to a charge that

22   has been made against you in an indictment, but you may, if

23   you choose, plead not guilty to any offense charged against

24   you, and if you plead not guilty, the Constitution of the

25   United States guarantees to you the following rights:

1   A speedy and public trial by a jury in this district.  The
2   right at that trial for you to see, hear, and cross examine
3   all witnesses against you.  The right to use the power and
4   process of the Court to compel the production of any evidence,
5   including the attendance of any witnesses in your favor.  The
6   right to have the assistance of an attorney in your defense in
7   all stages of the proceedings, and if necessary, an attorney
8   would be appointed to represent you if you did not have an
9   attorney
10   At trial, you could not be compelled to testify, and
11   whether you would testify would be a matter in which your
12   judgment alone would control.  At that trial, the United
13   States would be required to prove your guilt beyond a
14   reasonable doubt, and if you were found guilty, you would have
15   the right to appeal your conviction.
16   Mr. Garcia, do you understand that you have and are
17   guaranteed each of these constitutional rights?
18         DEFENDANT GARCIA:  Yes.
19         THE COURT:  On the other hand, if you plead guilty
20   and if I accept that plea, there will not be a further trial
21   of any kind, so that by pleading guilty, you would waive the
22   right to a trial as well as those other rights associated with
23   a trial as I have just described them to you.
24   Generally, a defendant who is accused of a crime cannot
25   plead guilty unless he is actually guilty of that crime.  In

1  federal court, the judge determines the penalty if a defendant
2  is convicted whether that conviction is on a verdict of a jury
3  or upon a plea of guilty.
4      I have not and will not talk to anyone about the facts of
5  your case except here in your presence where you, your
6  attorney, and representatives of the government are all
7  present.  However, if a guilty verdict is entered, a
8  presentence report will be prepared, and I will review it with
9  the probation officers outside of your presence.
10     If you plead guilty, you will be convicted, but you and
11 your lawyer each will be given an opportunity to present to
12 the Court any pleas for leniency.  The penalty will be decided
13 on the basis of the facts heard here.  You should never depend
14 or rely upon any statement or promise by anyone whether
15 connected with a law enforcement agency or the government or
16 anyone else as to what penalty will be assessed against you.
17     Should you decide to plead guilty, your plea of guilty
18 must not be induced or prompted by any promises, pressure,
19 threats, force, or coercion of any kind.  A plea of guilty
20 must be purely voluntary, and you should plead guilty only
21 because you are guilty and for no other reason.
22     Mr. Garcia, do you understand each of my explanations
23 about the process and the consequences of pleading guilty?
24          DEFENDANT GARCIA:  Yes.
25          THE COURT:  Mr. Garcia, under the Sentencing Reform

5

1   Act of 1984 as construed by the United States Supreme Court,
2   the United States Sentencing Commission has issued advisory
3   guidelines for judges to consider in determining a sentence in
4   a criminal case.
5       Have you and Mr. Bush discussed how the guidelines might
6   apply to your case?
7           DEFENDANT GARCIA:  Yes.
8           THE COURT:  Even though you have discussed that with
9   him, I must inform you that in determining a sentence, it is
10  the Court's obligation to calculate the applicable sentencing
11  guideline range and to consider that range, possible
12  departures under the sentencing guidelines, and other
13  sentencing factors under 18, United States Code, Section
14  3553(a).
15      I am not bound by facts that are stipulated between you
16  and your attorney on the one hand and the government on the
17  other.  I can impose punishment that might disregard
18  stipulated facts or take into account facts not mentioned in
19  the stipulations.  You might not be permitted to withdraw your
20  plea of guilty in such an event.  I will not be able to
21  determine the guideline range for your sentence until after
22  the presentence report has been completed and you and the
23  government have had an opportunity to challenge the facts and
24  conclusions reported by the probation officer.
25      After I have determined what guideline range is

1   appropriate under the facts of your case, I have the authority
2   to impose a sentence that is above, below, or within that
3   range as long as the sentence I impose is reasonable and based
4   on facts and the law.
5       You have the right to appeal the sentence that I impose
6   unless you waive that right.  Under some circumstances, the
7   government also has the right to appeal.
8       Parole has been abolished, and if you are sentenced to
9   prison, you will not be released on parole.
10      Mr. Garcia, do you understand all of the explanations that
11  I have given you about sentencing?
12              DEFENDANT GARCIA:  Yes.
13              THE COURT:  I show your name spelled as follows:
14  Salvador, S-A-L-V-A-D-O-R, Manuel, M-A-N-U-E-L, Garcia,
15  G-A-R-C-I-A, Covarrubias, C-O-V-A-R-R-U-B-I-A-S.  Is that
16  correct?
17              DEFENDANT GARCIA:  Yes.
18              THE COURT:  How old are you, sir?
19              DEFENDANT GARCIA:  Thirty-two.  I'm from '78.
20              THE COURT:  So your birth date is actually 1978?
21              DEFENDANT GARCIA:  The 16th of January, yes.
22              THE COURT:  How long did you go to school?
23              DEFENDANT GARCIA:  I went to prep school.
24              THE COURT:  Mr. Garcia, are you currently or, within
25  the last six months, have you been under the care of a

```
                                                              7
1    physician or a psychiatrist?
2            DEFENDANT GARCIA:  No.
3            THE COURT:  Have you been hospitalized or treated for
4    narcotics addiction or alcoholism?
5            DEFENDANT GARCIA:  No.
6            THE COURT:  Do you suffer from any emotional or
7    mental disability?
8            DEFENDANT GARCIA:  I don't believe so.
9            THE COURT:  Are you now under the influence of
10   alcohol or any drug?
11           DEFENDANT GARCIA:  No.
12           THE COURT:  Are you of sound mind, and do you fully
13   understand what it is we're doing here today?
14           DEFENDANT GARCIA:  Yes.
15           THE COURT:  Mr. Bush, do you have any reason to
16   believe that Mr. Garcia is not fully competent to enter a plea
17   of guilty?
18           MR. BUSH:  No reason, Your Honor.
19           THE COURT:  Do you believe that the plea of guilty
20   that he's proposing to make will be a knowing and voluntary
21   plea?
22           MR. BUSH:  Yes, I do.
23           THE COURT:  Mr. Garcia, have you received a copy of
24   the indictment in this case?
25           DEFENDANT GARCIA:  Yes.
```

1      THE COURT:  Have you read the indictment or had it
2  read to you?
3      DEFENDANT GARCIA:  It was read to me.
4      THE COURT:  Do you understand the nature of the
5  charges against you?
6      DEFENDANT GARCIA:  Yes.
7      THE COURT:  Even so, I will now require the United
8  States Attorney to read the count of the indictment to which
9  you are pleading guilty into the record unless you waive your
10 right to have it read.
11     Do you wish to waive the reading of the indictment or to
12 have it read?
13     MR. BUSH:  Why don't we read it, Judge?
14     THE COURT:  All right.  Mr. Burgess.
15     MR. BURGESS:  Indictment.  Count 1:
16     The grand jury charges possession of a controlled
17 substance with intent to distribute, in violation of 21, USC,
18 Section 841(a)(1) and (b)(1)(B).
19     On or about August 24, 2009, in the Fort Worth Division of
20 the Northern District of Texas, the defendants, Patricia Ann
21 Morales, Salvador Manuel Garcia-Covarrubias, and Juan Carlos
22 Gaona-Rodriguez, knowingly and intentionally possessed with
23 intent to distribute 500 grams or more of a mixture or
24 substance containing a detectable amount of cocaine, a
25 Schedule II controlled substance.

9

1    THE COURT:  Mr. Garcia, do you admit that you
2 committed all of the essential elements of the offense?
3    DEFENDANT GARCIA:  Yes.
4    THE COURT:  Well, I'm sorry.  I got ahead of myself.
5 You also have the right to have explained to you the essential
6 elements of the offense, that is, what the government would be
7 required to prove at trial, and I call upon the U.S. Attorney
8 to orally set out those essential elements?
9    MR. BURGESS:  First, that on or about the date
10 alleged in the indictment, the defendant knowingly possessed a
11 controlled substance.
12    Second, that the controlled substance was, in fact,
13 cocaine.
14    Third, that the defendant possessed the cocaine with the
15 intent to distribute it.
16    Fourth, that the quantity of the substance was at least
17 500 grams or more.
18    THE COURT:  So I repeat my question.
19    Mr. Garcia, do you admit that you committed all of the
20 essential elements of the offense as set out for you by the
21 U.S. Attorney?
22    DEFENDANT GARCIA:  Yes.
23    THE COURT:  You have appearing with you today as your
24 attorney, Mr. Steven Bush, and I presume that you have
25 discussed the case and the charges made against you with him.

1  Is that true?
2          DEFENDANT GARCIA:  Yes.
3          THE COURT:  And are you fully satisfied with
4  representation and advice that you received from Mr. Bush in
5  this case?
6          DEFENDANT GARCIA:  Yes.
7          THE COURT:  Mr. Garcia, has anyone made any promise
8  or assurance to you of any kind in an effort to induce you to
9  enter a plea of guilty in this case?
10         DEFENDANT GARCIA:  No.
11         THE COURT:  Has anyone mentally, physically, or in
12 any other way attempted to force you to plead guilty?
13         DEFENDANT GARCIA:  No.
14         THE COURT:  Do you understand that if your plea of
15 guilty is accepted, you will be adjudged guilty of the offense
16 charged by Count 1 of the indictment and that your punishment
17 will be assessed somewhere within the range of punishment
18 provided by statute?
19         DEFENDANT GARCIA:  Yes.
20         THE COURT:  Then I order -- are you a citizen of the
21 United States?
22         DEFENDANT GARCIA:  No.
23         THE COURT:  Then you should know that your conviction
24 in this case could result in deportation.  That is, you could
25 be required to leave the United States, and your conviction

1  could adversely affect your ability ever to become a citizen
2  of the United States.
3     In addition to that, the United States Attorney will now
4  state the potential penalties for and consequences of
5  conviction of the charge to which you are proposing to plead
6  guilty.
7         MR. BURGESS: If convicted, the defendant faces
8  imprisonment for a period of not less than five years nor more
9  than 40 years. A fine not to exceed $2 million, or both fine
10 and imprisonment. A term of supervised release of not less
11 than four years. If the defendant violates any condition of
12 the term of supervised release, the Court may revoke such
13 release term and require that the defendant serve any or all
14 of such term as an additional period of confinement. The
15 effect of a revocation of the term of supervised release is to
16 make the overall period of incarceration longer. If the
17 conditions of supervised release are revoked on multiple
18 counts, the Court could order that the resulting term of
19 incarceration run consecutively to one another.
20    A mandatory special assessment of $100, possible
21 incarceration and supervision, and forfeiture of money and
22 property.
23        THE COURT: Mr. Garcia, do you understand that if the
24 plea of guilty -- pardon me. Do you understand that if you
25 plead guilty, you are subject to the penalties and

1   consequences just explained to you by the U.S. Attorney?
2           DEFENDANT GARCIA:  Yes.
3           THE COURT:  Having heard all of the foregoing,
4   Mr. Garcia, how do you plead to Count 1 of the indictment,
5   guilty or not guilty?
6           DEFENDANT GARCIA:  Guilty.
7           THE COURT:  Mr. Bush, is the plea of guilty that you
8   just heard from Mr. Garcia consistent with your advice?
9           MR. BUSH:  It is.
10          THE COURT:  Then I accept Mr. Garcia's plea of guilty
11  on the condition that there is a factual basis to support the
12  plea.  Mr. Garcia, that factual basis is usually provided
13  through a factual resume, and I do have the factual resume
14  here before me that is three pages long, which includes a page
15  entitled "Stipulated Facts."  This factual resume has
16  Mr. Bush's signature with which I'm familiar, and, apparently,
17  you have signed it as well.
18      And I exhibit to you now the signature page of this
19  factual resume, and I ask you, sir, if that is your signature
20  upon it?
21          DEFENDANT GARCIA:  Yes.
22          THE COURT:  Did you read the entire factual resume
23  carefully before you signed it -- or had it read to you?
24          DEFENDANT GARCIA:  He read it to me.
25          THE COURT:  Did you understand it?

1            DEFENDANT GARCIA:  Yes.

2            THE COURT:  Are the facts set out in it true and

3    correct?

4            DEFENDANT GARCIA:  Yes.

5            THE COURT:  Mr. Bush, are the facts set out in the

6    factual resume consistent with the true facts as you

7    understand them?

8            MR. BUSH:  Yes, Your Honor.

9            THE COURT:  Then I order the filing of this factual

10   resume.

11       Being satisfied with the responses given during this

12   hearing, I make the following finding on the record:

13       In the case of the United States of America versus

14   Salvador Manuel Garcia-Covarrubias in Cause Number

15   4:09-CR-122-Y, Mr. Garcia is fully competent and capable of

16   entering an informed plea, and his plea of guilty to Count 1

17   of the indictment is a knowing and voluntary plea supported by

18   an independent basis in fact containing each of the essential

19   elements of the offense charged by Count 1 of the indictment.

20   His plea of guilty is, therefore, accepted, and he is now

21   adjudged guilty of the offense charged by Count 1 of the

22   indictment.

23       Mr. Garcia, a presentence report will be prepared by the

24   probation office to assist me in sentencing.  You will be

25   asked to give information for that report, and your degree of

14

1  cooperation could be a factor in the severity of your
2  sentence.
3      Mr. Bush is ordered to be present at your interview with
4  recent familiarity with Sentencing Guideline Section 3E1.1,
5  Application Note 1(a).  You and he will be provided a copy of
6  the presentence report well before the sentencing hearing, and
7  you will have opportunity to make comments on it and
8  objections to it.
9      My clerk has handed your counsel a presentence referral
10 form directing him to the fourth floor of this building at the
11 conclusion of this hearing where a probation officer will give
12 him further instructions regarding the presentence
13 investigation.
14     Mr. Garcia, you will be sentenced before this Court on
15 May 17, 2010 at 10:30 a.m.  May 17, 2010, 10:30 a.m.  A
16 sentencing scheduling order will be issued by the Court in a
17 few days setting out that date and all other important dates
18 leading up to the date of sentencing?
19     Do you have any questions, sir?
20         DEFENDANT GARCIA:  No.
21         THE COURT:  You are remanded to the custody of the
22 United States Marshal.
23     We'll be in recess until further call.
24     (End of proceedings, 1:55 p.m.)
25                         -oOo-

1                              CERTIFICATE

2       I certify that the foregoing is a correct transcript from
    the record of proceedings in the above-entitled matter, and
3   that the transcript was prepared by me and under my
    supervision.
4
    s/  Ana P. Warren                           July 27, 2010
5   Ana P. Warren, CSR #2302                         Date
    U.S. District Court Reporter
6

7                                -oOo-

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25