```
                                                                        1

              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

UNITED STATES OF AMERICA        .  CRIMINAL ACTION NO.
                                .  4:09-CR-122-Y
V.                              .
                                .
SALVADOR MANUEL GARCIA-         .  Fort Worth, Texas
COVARRUBIAS                     .  May 17, 2010
. . . . . . . . . . . . . . . . .



                  TRANSCRIPT OF PROCEEDINGS
                     (Sentencing Hearing)
            BEFORE THE HONORABLE TERRY R. MEANS
                 UNITED STATES DISTRICT JUDGE




APPEARANCES:

For the Government:        MR. JOSHUA T. BURGESS
                           United States Attorney's Office
                           801 Cherry Street, Suite 1700
                           Fort Worth, Texas   76102-6897
                           (817) 252-5200

For the Defendant:         MR. J. STEVEN BUSH
                           Attorney at Law
                           Western Union Building
                           314 Main Street, Suite 200
                           Fort Worth, Texas   76102
                           (817) 878-2770

Court Reporter:            MS. ANA P. WARREN
                           U.S. District Court Reporter
                           501 W. 10th Street, Room 201
                           Fort Worth, Texas   76102-3637
                           (817) 850-6681


Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription.

                      U.S. DISTRICT COURT
```

1            ***P R O C E E D I N G S***

2        (Commencing, 11:00 a.m.)

3            THE COURT:  Next before the Court is the sentencing of Salvador Manuel Garcia-Covarrubias, Cause Number 4:09-CR-122-Y-(2),

6       Let the record reflect that Mr. Garcia is being assisted with translation from English into Spanish and Spanish into English by Mr. Mike Mahler, a certified court translator, who has previously been sworn.

10       Are the parties ready to proceed?

11           MR. BURGESS:  Yes, Your Honor.

12           MR. BUSH:  Yes, Your Honor.

13           THE COURT:  Mr. Garcia, would you please acknowledge your presence in court for the record by stating your full name?

16           DEFENDANT GARCIA:  Salvador Manuel Garcia-Covarrubias.

18           THE COURT:  Mr. Garcia, you appeared before the Court on January 25, 2010, at which time you entered a plea of guilty to Count 1 of the indictment charging you with possession of a controlled substance with intent to distribute, in violation of 21, United States Code, Section 841(a)(1) and (b)(1)(B).  On that date, I found that your plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential

1  elements of the offense.  You told me at that time that you
2  understood the elements of the offense, agreed to the accuracy
3  of the factual resume, and admitted that you committed all
4  essential elements of the offense.  Consequently, I accepted
5  your plea and adjudged you guilty of the crime alleged in the
6  indictment.
7      Mr. Bush, did you and your client receive in a timely
8  manner a copy of the presentence investigation report and the
9  addendum to the report?
10             MR. BUSH:  We did, Your Honor.
11             THE COURT:  And did you have an opportunity to review
12 those carefully with Mr. Garcia?
13             MR. BUSH:  Yes, sir.
14             THE COURT:  Did the government receive those timely?
15             MR. BURGESS:  Yes, Your Honor
16             THE COURT:  Then I will now notify the parties of my
17 tentative findings as to the defendant's objections to the
18 presentence report and the government's objections to the
19 presentence report.
20     The government's objection as to obstruction of justice is
21 moot having been accepted by the probation officer in her
22 addendum to the presentence report.
23     The second objection is overruled because the defendant
24 pled guilty and thereby accepted responsibility for his
25 criminal behavior after he obstructed justice at his

1  suppression hearing.
2       To encourage acceptance of responsibility and the disposal
3  of criminal cases by plea agreements, it is my practice to
4  grant the acceptance of responsibility reduction unless there
5  is conduct inconsistent with acceptance after the entry of a
6  guilty plea by the defendant.
7       The defendant's objection to being held accountable for
8  six kilograms of cocaine is overruled for the reasons set out
9  in the addendum and the government's response.
10      Does the government have any objection and/or evidence
11 relating to my tentative findings?
12           MR. BURGESS:  No, Your Honor.  Thank you.
13           THE COURT:  Does the defendant?
14           MR. BUSH:  We have no additional evidence, Your
15 Honor.
16           THE COURT:  Then I adopt as my final findings of fact
17 the statements of fact made in the presentence report, subject
18 to and including changes and qualifications made by the
19 addendum and that I made in response to the objections.
20      After having considered the conclusions expressed by the
21 probation officer in the presentence report as to the
22 appropriate guideline calculations and after having considered
23 objections, I determine that the appropriate guideline
24 calculations are:
25      Total offense level 32.  Criminal History Category I.

5

1   Imprisonment range 121 to 151 months.  Supervised release
2   range four to five years, and a fine range of $17,500 to $2
3   million, plus the cost of imprisonment and supervision.
4        Mr. Bush, I intend to sentence your client at the bottom
5   of the guideline range that I have determined to be
6   appropriate.  Do you, nevertheless, wish to make any remarks
7   on his behalf?
8             MR. BUSH:  No, I do not.  I will have a formal
9   objection to the sentence, but that hasn't happened yet,
10  though.
11            THE COURT:  That's right.
12       Okay.  Mr. Garcia, do you wish to speak on your own behalf
13  or present any information in mitigation of your sentence?
14            DEFENDANT GARCIA:  I would just like to ask for
15  forgiveness for what I have done and ask forgiveness of
16  everyone and my family for leaving my son alone.  And I would
17  like you to give me an opportunity to be a father to my
18  children.
19            THE COURT:  All right, sir.  Thank you.
20       Does the government wish to be heard?
21            MR. BURGESS:  No, Your Honor.  Thank you.
22            THE COURT:  Then I'll now state the sentence,
23  determined pursuant to Title 18, United States Code, Section
24  3553(a), treating the sentencing guidelines issued by the
25  sentencing commission as advisory only under U.S. v. Booker.

1   In arriving at a reasonable sentence, I've taken into
2   account primarily the conduct admitted by Mr. Garcia in his
3   factual resume and those matters required to be considered by
4   Section 3553(a).
5   The attorneys will have a final chance to make legal
6   objections before sentence is finally imposed.
7   It is the judgment of the Court that the defendant,
8   Salvador Manuel Garcia-Covarrubias, in Cause Number
9   4:09-CR-122-Y-(02), be committed to the custody of the Federal
10  Bureau of Prisons for a period of 121 months.  Restitution is
11  not ordered because there is no victim other than society at
12  large.  I do not order a fine or cost of incarceration because
13  Mr. Garcia does not have the financial resources or future
14  earning capacity to pay a fine or cost of incarceration.
15  Upon release from imprisonment, Mr. Garcia shall be on
16  supervised release for a term of four years.  Pursuant to 18,
17  United States Code, Section 3583(d), as a condition of
18  supervised release upon the completion of the sentence of
19  imprisonment, Mr. Garcia shall be surrendered by the Bureau of
20  Prisons to a duly authorized immigration official for
21  deportation in accordance with the established procedures
22  provided by the Immigration and Nationality Act, 8, United
23  States Code, Sections 1101 and following.
24  As a condition of supervised release, if ordered deported,
25  he shall remain outside the United States.  In the event he is

1 not deported immediately upon release or should he ever be
2 within the United States during any portion of the term of
3 supervised release, he shall also comply with the standard
4 conditions recommended by the sentencing commission and comply
5 with certain additional conditions.
6     Did you have a chance to review those with him, those
7 additional conditions?
8        MR. BUSH: Yes. He's signed the order setting
9 additional terms of supervised release.
10        THE COURT: All right. If you will hand that
11 forward, please, sir.
12     Those additional conditions have been set out in a
13 separate order signed by me this day and offered to Mr. Garcia
14 for his review and signature, and he has now returned that to
15 me with his signature indicating his receipt of those
16 additional terms, his understanding of them, and his waiver of
17 having them read here in open court. In addition, he is
18 ordered to pay a mandatory special assessment of $100.
19     In determining the sentence, I have considered the
20 advisory guidelines as well as statutory directives listed in
21 18, USC, Section 3553(a). This sentence is within the
22 guideline range, and that range exceeded 24 months. I
23 selected a sentence of 121 months, which is at the bottom of
24 the advisory guideline range, because that sentence is
25 sufficient to achieve the Court's sentencing objectives and

1   the objectives of 18, USC, Section 3553(a).
2       I have now stated the sentence and the reasons.
3   Therefore, I call upon the parties to indicate any legal
4   reason why sentence may not be imposed as stated.
5           MR. BURGESS:  Not from the United States, Your Honor.
6           MR. BUSH:  Objection Number 1 would be that if it
7   should develop that the co-defendants in this case are
8   attributed with a quantity of less than six kilograms of
9   drugs, that would be an additional reason for me to object to
10  the guideline application in this case, and I would do so for
11  appellate purposes.
12      My understanding was that Mr. Gaona and Ms. Morales were
13  to have been sentenced today, but in speaking briefly with the
14  U.S. Attorney and probation, it appears that they are not on
15  the schedule for today.  So my client is the first of the
16  three defendants, as I understand it, that's being sentenced
17  because I don't have information available to me about what
18  quantity might be attributable to them at this time.
19      Objection Number 2 is that I believe the sentence under
20  the statutory sentencing factors is unreasonable, and I would
21  use that as the basis for any appeal that might be filed on
22  behalf --
23          THE COURT:  I will tell you this.  If they are held
24  accountable for less than six kilograms, it would be because
25  they have presented a case to rebut that they were capable of

9

1  producing six kilograms and to do so in such a way as to
2  convince me to hold them accountable for less.
3      Your objection is overruled.  Both of your objections are
4  overruled.  Sentence is imposed as stated.
5      Did you have something, sir?
6          MR. BURGESS:  Your Honor, I don't -- as he was
7  speaking, I began to think that maybe Morales has been
8  sentenced.  I don't know if the Court -- I didn't bring that
9  file with me.  I thought that she had a reduction of sentence
10 pursuant to 5K1 --
11         THE COURT:  Does anybody know if Morales has been
12 sentenced?
13         THE PROBATION OFFICER:  According to the report, it
14 was scheduled for April 19, I believe, but I don't know.
15         MR. BURGESS:  I think she was, Your Honor.  I don't
16 know remember if the Court made a finding --
17         THE COURT:  I remember a Morales, but I don't know if
18 it was this Morales.
19         MR. BURGESS:  I believe it was.  I think Matt Belcher
20 was the attorney.  I just wanted to make it clear on the
21 record that I think she may have been sentenced.  I don't know
22 that the Court made a find as to the kilograms, but I know
23 that there was a 5K motion in place that may have resulted in
24 a lower sentence.  So it may become a moot point for purposes
25 of sentencing.  I just wanted to clarify.

1        MR. BUSH:  I can understand why a sentence might be
2   different based on 5K1 or obstruction of justice if that
3   wasn't applicable or an additional third level or pleading
4   guilty earlier.  My objection wouldn't go to those issues.
5   They have to do specifically with quantity.
6        THE COURT:  Thank you, sir.
7     Sentence is imposed as stated.
8     I'm handed a note that I bet you had him sign a notice of
9   right of appeal for him, if you will hand that forward,
10  please.
11    You do have the right to appeal, Mr. Garcia, the sentence,
12  that is, and if you decide to appeal, you have the right to be
13  appointed an attorney to represent you on appeal if you are
14  not able to pay the cost of an attorney for the appeal.
15    Do you have any questions, sir?
16       DEFENDANT GARCIA:  No.
17       THE COURT:  You're remanded to the custody of the
18  United States Marshal.  Good luck to you.
19    Thank you, Mr. Bush.
20    (End of proceedings, 11:10 a.m.)
21
22                           -oOo-
23
24
25

## CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter, and that the transcript was prepared by me and under my supervision.

s/ Ana P. Warren                                                  July 27, 2010
Ana P. Warren, CSR #2302                                          Date
U.S. District Court Reporter

-oOo-