```
                                                                    1
                      IN THE UNITED STATES DISTRICT COURT
                       FOR THE NORTHERN DISTRICT OF TEXAS
                              FORT WORTH DIVISION

 UNITED STATES OF AMERICA          .   CRIMINAL ACTION NO.
                                   .   4:09-CR-122-Y
 V.                                .
                                   .   Fort Worth, Texas
 PATRICIA ANN MORALES              .   April 19, 2010
 . . . . . . . . . . . . . . . . . .




                        TRANSCRIPT OF PROCEEDINGS
                           (Sentencing Hearing)
                  BEFORE THE HONORABLE TERRY R. MEANS
                      UNITED STATES DISTRICT JUDGE




 APPEARANCES:

 For the Government:            MR. JOSHUA T. BURGESS
                                United States Attorney's Office
                                801 Cherry Street, Suite 1700
                                Fort Worth, Texas  76102-6897
                                (817) 252-5200

 For the Defendant:             MR. MATTHEW KYLE BELCHER
                                Federal Public Defender
                                819 Taylor Street, Room 9A10
                                Fort Worth, Texas  76102
                                (817) 978-2753

 Court Reporter:                MS. ANA P. WARREN
                                U.S. District Court Reporter
                                501 W. 10th Street, Room 201
                                Fort Worth, Texas  76102-3637
                                (817) 850-6681


 Proceedings recorded by mechanical stenography; transcript
 produced by computer-aided transcription.
```

1                        *P R O C E E D I N G S*

2           (Commencing 9:35 a.m.)

3              THE COURT:  First before the Court this morning is

4      Cause Number 4:09-CR-122-Y, United States of America versus

5      Patricia Ann Morales.

6         Are the parties ready to proceed?

7              MR. BURGESS:  Yes, Your Honor.

8              MR. BELCHER:  Yes, Your Honor.

9              THE COURT:  Ms. Morales, when you get to the lectern,

10     please identify yourself for the record.

11             DEFENDANT MORALES:  Patricia Ann Morales, sir.

12             THE COURT:  Ms. Morales, you appeared before

13     Magistrate Judge Charles Bleil on December 16, 2009, at which

14     time you entered a plea of guilty to Count 1 of the indictment

15     charging you with possession with intent to distribute a

16     controlled substance, in violation of 21, United States Code,

17     Section 841(a)(1) and (b)(1)(B).

18        On that date, Judge Bleil found that your plea of guilty

19     was a knowing and voluntary plea supported by an independent

20     basis in fact containing each of the essential elements of the

21     offense.  You told him at that time that you understood the

22     elements of the offense, agreed to the accuracy of the factual

23     resume, and admitted that you committed all essential elements

24     of the offense.  On December 10 -- pardon me, December 30,

25     2009, I entered an order accepting your plea and adjudging you

1 guilty of the crime alleged in the indictment against you.

2     Mr. Belcher, did you and your client receive in a timely

3 manner a copy of the presentence report and the addendum to

4 the report?

5     MR. BELCHER: We did, Your Honor.

6     THE COURT: And have you had an opportunity to review

7 those carefully with Ms. Morales?

8     MR. BELCHER: Yes, Your Honor.

9     THE COURT: Did the government receive those timely?

10     MR. BURGESS: We did, Your Honor

11     THE COURT: Then I'll now notify the parties of my

12 tentative findings as to the defendant's objections to the

13 presentence report and the disposition of the government's

14 motion for downward departure and the defendant's motion for a

15 sentencing variance.

16     Defendant's first objection, which relates to the amount

17 of cocaine for which she should be held accountable, is

18 sustained for the reasons argued by the defendant in her

19 objection.

20     Defendant's second objection, which argues for a minor

21 participant reduction, is overruled for the reasons set out in

22 the addendum.

23     The government's motion for downward departure should be

24 granted. The defendant's motion for sentencing variance

25 should be granted.

1       Does the government have any objection and/or evidence
2  relating to my tentative findings?
3           MR. BURGESS:  No, Your Honor.
4           THE COURT:  Does the defendant?
5           MR. BELCHER:  No, Your Honor.
6           THE COURT:  Then I adopt as my final findings of fact
7  the statements of fact made in the presentence report subject
8  to and including changes and qualifications that I made in
9  response to the objections to the presentence report.
10      The defendant's motion for a sentencing variance and the
11  government's motion for a downward departure are finally
12  granted.
13      After having considered the conclusions expressed by the
14  probation officer in the presentence report as to the
15  appropriate guideline calculations and after having considered
16  objections, I determine that the appropriate guideline
17  calculations are:
18      Total offense level 25.  Criminal History Category VI.
19  Imprisonment range 92 to 115 months.  Supervised release range
20  four to five years, and a fine range of $15,000 to $2 million,
21  plus, the cost of imprisonment and supervision.
22      Mr. Belcher, do you wish to make any remarks on behalf of
23  Ms. Morales, and if so, please be brief?
24          MR. BELCHER:  We have nothing additional, Your Honor,
25  based on the Court's findings this morning.  The only thing we

```
 1   would ask is that the Court recommend that Ms. Morales be
 2   enrolled in the drug treatment program.
 3           THE COURT:  All right.  Ms. Morales, do you wish to
 4   speak on your own behalf or present any information in
 5   mitigation of your sentence?
 6           DEFENDANT MORALES:  I just want to say thank you,
 7   sir, and I'm sorry that I committed this crime.
 8           THE COURT:  All right.  You need to turn it around,
 9   Ms. Morales.
10           DEFENDANT MORALES:  Yes, sir.
11           THE COURT:  Does the government wish to be heard?
12           MR. BURGESS:  No, Your Honor.  Thank you.
13           THE PROBATION OFFICER:  Judge?
14           THE COURT:  Yes, ma'am.
15           THE PROBATION OFFICER:  The fine range is corrected
16   to 10,000.
17           THE COURT:  Thank you.
18      The fine range is corrected to $10,000 to $2 million.  Any
19   objection?
20           MR. BURGESS:  No, Your Honor.
21           MR. BELCHER:  No, Your Honor.
22           THE COURT:  I'll now state the sentence, determined
23   pursuant to Title 18, United States Code, Section 3553(a),
24   treating the sentencing guidelines issued by the sentencing
25   commission as advisory only under U.S. v. Booker.
```

1    In arriving at a reasonable sentence, I have taken into
2    account primarily the conduct admitted by Ms. Morales in her
3    factual resume and those matters required to be considered by
4    Section 3553(a).
5        The attorneys will have a final chance to make legal
6    objections before sentence is finally imposed.
7        This is a downward departure pursuant to the motion of the
8    government and the motion for variance filed by the
9    defendant.
10       Pursuant to the Sentencing Reform Act of 1984 as amended,
11   it is the judgment of the Court that the defendant, Patricia
12   Ann Morales, in Case Number 4:09-CR-122-Y, be committed to the
13   custody of the Federal Bureau of Prisons for a period of 60
14   months.  Restitution is not ordered because there is no victim
15   other than society at large.  I do not order a fine or cost of
16   incarceration because Ms. Morales does not have the financial
17   resources or future earning capacity to pay a fine or cost of
18   incarceration.
19       Upon release from imprisonment, Ms. Morales shall be on
20   supervised release for a term of four years.  While on
21   supervised release, she shall comply with the standard
22   conditions recommended by the sentencing commission and comply
23   with certain additional conditions that have been set out in a
24   separate order signed by me this day and offered to
25   Ms. Morales for her review and signature.  She has now

7

1  returned that to me with her signature indicating her receipt
2  of those terms, her understanding of them, and her waiver of
3  having them read here in open court.  In addition, she's
4  ordered to pay a mandatory special assessment of $100.
5      This sentence is a downward departure based upon the
6  motion of the government and a variance based upon the motion
7  of the defendant.  In determining the sentence, I've
8  considered the advisory guidelines as well as statutory
9  directives listed in 18, USC, Section 3553(a), but a sentence
10 of 60 months is sufficient but not greater than necessary to
11 achieve the Court's sentencing objectives of punishment,
12 deterrence, and protection of the public.
13     I have now stated the sentence and the reasons.
14 Therefore, I call upon the parties to indicate any legal
15 reason why sentence may not be imposed as stated.
16             MR. BURGESS:  None from the government, Your Honor.
17             MR. BELCHER:  None from the defense, Your Honor.
18             THE COURT:  Sentence is then imposed as stated.
19     Ms. Morales, you have the right to appeal the sentence
20 that I have imposed.  You also have the right to apply for
21 leave to appeal in forma pauperis if you're unable to pay the
22 cost of an appeal.
23     Mr. Burgess, did you have something?
24             MR. BURGESS:  I do not, Your Honor.
25             THE COURT:  That's fine.  You're welcome to stand at

8

1   any time.
2         MR. BURGESS:  Thank you.
3         THE COURT:  Ms. Morales, do you have any questions?
4         DEFENDANT MORALES:  No, sir.
5         THE COURT:  You're remanded to the custody of the
6   United States Marshal.  Good luck to you.
7         DEFENDANT MORALES:  Thank you, sir.
8         MR. BELCHER:  Your Honor, I don't know if the Court
9   said this or not.  I could have missed it --
10        THE COURT:  And I recommend the comprehensive drug
11  treatment program.
12        MR. BELCHER:  Thank you, Your Honor.
13        DEFENDANT MORALES:  Thank you, sir.
14        THE COURT:  I wrote it down, then didn't say it.
15        MR. BURGESS:  May I be excused, Your Honor?
16        THE COURT:  Yes, sir.
17      (End of proceedings, 9:45 a.m.)
18                         -oOo-
19
20                       CERTIFICATE
21     I certify that the foregoing is a correct transcript from
       the record of proceedings in the above-entitled matter, and
22     that the transcript was prepared by me and under my
       supervision.
23
       s/  Ana P. Warren                        July 27, 2010
24     Ana P. Warren, CSR #2302                     Date
       U.S. District Court Reporter
25                         -oOo-