```
                                                                    1

 1                  IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
 2                          FORT WORTH DIVISION

 3   UNITED STATES OF AMERICA       .  CRIMINAL ACTION NO.
                                    .  4:09-CR-122-Y
 4   V.                             .
                                    .  Fort Worth, Texas
 5   JUAN CARLOS GAONA-RODRIGUEZ    .  June 2, 2010
     . . . . . . . . . . . . . . . .
 6

 7

 8
                         TRANSCRIPT OF PROCEEDINGS
 9                          (Sentencing Hearing)
                   BEFORE THE HONORABLE TERRY R. MEANS
10                     UNITED STATES DISTRICT JUDGE

11

12

13

14   APPEARANCES:

15   For the Government:          MR. JOSHUA T. BURGESS
                                  United States Attorney's Office
16                                801 Cherry Street, Suite 1700
                                  Fort Worth, Texas  76102-6897
17                                (817) 252-5200

18   For the Defendant:           MR. JOHN H. READ, II
                                  Read & Wright
19                                900 N. Zang
                                  Dallas, Texas  75208
20                                (214) 760-9999

21   Court Reporter:              MS. ANA P. WARREN
                                  U.S. District Court Reporter
22                                501 W. 10th Street, Room 201
                                  Fort Worth, Texas  76102-3637
23                                (817) 850-6681

24
     Proceedings recorded by mechanical stenography; transcript
25   produced by computer-aided transcription.
```

2

1         *P R O C E E D I N G S*

2         (Commencing, 10:35 a.m.)

3             THE COURT:  Before the Court this morning is Cause

4    Number 4:09-CR-122-Y, United States of America versus Juan

5    Carlos Gaona-Rodriguez.

6        Are the parties ready to proceed?

7             MR. BURGESS:  Yes, Your Honor.

8             MR. READ:  Yes, sir.

9             THE COURT:  Let the record reflect that Mr. Gaona is

10   being assisted in translation by Mike Mahler, a court

11   certified Spanish interpreter, and he has previously been

12   sworn.

13       Mr. Gaona, would you please step to the lectern along with

14   your counsel, and would you please acknowledge your presence

15   in court for the record by stating your full name?

16            DEFENDANT GAONA:  Juan Carlos Gaona-Rodriguez.

17            THE COURT:  Mr. Gaona, you appeared before Magistrate

18   Judge Charles Bleil on January 21, 2010, at which time you

19   entered a plea of guilty to Count 1 of the indictment charging

20   you with possession of a controlled substance with intent to

21   distribute, in violation of 21, United States Code, Section

22   841(a)(1) and (b)(1)(B).

23       On that date, Judge Bleil found that your plea of guilty

24   was a knowing and voluntary plea supported by an independent

25   basis in fact containing each of the essential elements of the

    1    offense. You told him at that time that you understood the

    2    elements of the offense, agreed to the accuracy of the factual

    3    resume, and admitted that you committed all essential elements

    4    of the offense. Accordingly, on February 5, 2010, I entered

    5    an order accepting your plea and adjudging you guilty of the

    6    crime alleged in the indictment against you.

    7       This plea of guilty was taken pursuant to a plea

    8    agreement, and I have reviewed that plea agreement and the

    9    charge to which you have pled guilty, and I have determined

   10    that that charge does adequately reflect the seriousness of

   11    your actual offense behavior so that accepting the plea

   12    agreement will not undermine or subvert the statutory purposes

   13    of sentencing, all relevant conduct having been taken into

   14    consideration in the calculation of the total offense level.

   15    Therefore, the plea agreement is accepted, and the judgment

   16    and sentence will be consistent with it.

   17       Mr. Read, did you and your client receive in a timely

   18    manner a copy of the presentence report and the addendum to

   19    the report?

   20           MR. READ: Yes, sir.

   21           THE COURT: Did you have an opportunity to review

   22    those carefully with Mr. Gaona?

   23           MR. READ: Word for word.

   24           THE COURT: All right, sir. Thank you.

   25       Did the government receive those timely?

1        MR. BURGESS:  Yes, Your Honor.
2        THE COURT:  There being no unaccepted objections to
3   the fact findings in the presentence report, I adopt those
4   findings as my own.
5        There being no objections to the probation officer's
6   conclusions set forth in the report as to the appropriate
7   guideline calculations, I adopt those conclusions and
8   determine that the appropriate guideline calculations are:
9        Total offense level 30.  Criminal History Category I.
10  Imprisonment range 97 to 121 months.  Supervised release range
11  four to five years, and a fine range of $15,000 to $2 million,
12  plus, the cost of imprisonment and supervision.
13       The government has, however, filed a motion for downward
14  departure, which is granted.  So the sentence will be below
15  the guideline range.
16       Mr. Read, do you wish to make any remarks on behalf of
17  Mr. Gaona before I pronounce the sentence?
18       MR. READ:  Yes, sir, just a few short remarks.
19       First, good morning.  Nice to see you.
20       THE COURT:  Good morning, sir.  Good to see you,
21  sir.
22       MR. READ:  Sorry that the letters were late.  We
23  tried to get them here earlier, but it is what it is, and if
24  you got to read them, okay.  If you didn't, we understand.
25       I would like to remind you during this particular

1  proceeding that we did have a motion to suppress.  Remember
2  that?
3          THE COURT:  I do.
4          MR. READ:  And remember that we actually stopped
5  during the proceedings and asked no more questions when we
6  felt that Mr. Covarrubias was committing perjury in this
7  court.  My client recognized that, be it perjury or not, and
8  he would not submit himself to be a party to that, just so you
9  know.  I just want to remind you.
10    And Mr. Gaona did accept his responsibility, even though
11 this case was prepared for trial, which stopped the trial the
12 Monday after we entered our plea with Mr. Covarrubias.  He
13 finally made his plea, also.
14          THE COURT:  Right.
15          MR. READ:  So it did save the Court time.  It did
16 save the Court money, and my client did accept his
17 responsibility.  Sometimes they don't understand what that is.
18 The fact of the matter is he did do that, and he has problems
19 in his family with his daughter, and that was a part of why he
20 was doing what he was doing.
21    He would just request that you also give him the rehab
22 program, because he was afraid to mention that he had an
23 alcohol problem because it might be worse.  So I believe that
24 was in my objections or my clarifications, and I'm sure you
25 read that.

1          THE COURT:  Yes, sir.
2          MR. READ:  Other than that, we accept responsibility
3  for what he's done.  Thank you.
4          THE COURT:  Thank you, sir.
5     Mr. Gaona, do you wish to speak on your own behalf or
6  present any information in mitigation of your sentence?
7          DEFENDANT GAONA:  Well, just to forgive me for my
8  having done this, and I ask forgiveness of my family as well,
9  and that's all.
10         THE COURT:  Thank you, sir.
11    Does the government wish to be heard?
12         MR. BURGESS:  No, Your Honor.  Thank you.
13         THE COURT:  Then I will now state the sentence
14 determined pursuant to Title 18, United States Code, Section
15 3553(a), treating the sentencing guidelines issued by the
16 sentencing commission as advisory only under U.S. v. Booker.
17    In arriving at a reasonable sentence, I have taken into
18 account primarily the conduct admitted by the defendant in his
19 factual resume and those matters required to be considered by
20 Section 3553(a).
21    The attorneys will have a final chance to make legal
22 objections before sentence is finally imposed.  This is a
23 downward departure pursuant to Sentencing Guideline Section
24 5K1.1 based upon the motion of the government.
25    Pursuant to the Sentencing Reform Act of 1984 as amended,

1   it is the judgment of the Court that the defendant, Juan
2   Carlos Gaona-Rodriguez, in Case Number 4:09-CR-122-Y-(03), be
3   committed to the Federal Bureau of Prisons for a period of 60
4   months.  Restitution is not ordered because there is no victim
5   other than society at large.  I do not order a fine or cost of
6   incarceration because Mr. Gaona does not have the financial
7   resources or future earning capacity to pay a fine or cost of
8   incarceration.
9       Upon release from imprisonment, Mr. Gaona shall be on
10  supervised release for a term of four years.  However,
11  pursuant to 18, United States Code, Section 3583(d), as a
12  condition of supervised release upon the completion of the
13  sentence of imprisonment, Mr. Gaona shall be surrendered by
14  the Federal Bureau of Prisons to a duly authorized immigration
15  official for deportation in accordance with the established
16  procedures provided by the Immigration and Nationality Act, 8,
17  United States Code, Sections 1101 and following.
18      As a condition of supervised release, if ordered deported,
19  Mr. Gaona shall remain outside the United States.  In the
20  event he is not deported immediately upon release from
21  imprisonment or should he ever be within the United States
22  during any portion of the term of supervised release, he shall
23  also comply with the standard conditions recommended by the
24  sentencing commission and comply with the following additional
25  conditions.  Those additional conditions have been set out in

1   a separate order signed by me this day and offered to
2   Mr. Gaona for his review and signature.  He has now returned
3   that to me with his signature indicating his receipt of the
4   additional terms, his understanding of them, and his waiver of
5   having them read here in open court.  In addition, he is
6   ordered to pay a mandatory special assessment of $100.
7         This sentence is a downward departure based upon the
8   motion of the government.  In determining the sentence, I have
9   considered the advisory guidelines as well as statutory
10  directives listed in 18, USC, Section 3553(a).  A sentence of
11  60 months is sufficient but not greater than necessary to
12  achieve the Court's sentencing objectives of punishment,
13  deterrence, and protection of the public.
14        I have now stated the sentence and the reasons.
15  Therefore, I call upon the parties to indicate any legal
16  reason why sentence may not be imposed as stated?
17            MR. BURGESS:  Nothing from the United States, Your
18  Honor.
19            MR. READ:  Nothing from the defense, Your Honor.
20            THE COURT:  Sentence is then imposed as stated.
21      Mr. Gaona, you have waived your right to appeal your
22  sentence and to complain of it in a collateral proceeding.
23  However, you have reserved from that waiver the right to
24  appeal any errors in arithmetic that I may have made in
25  calculating your total offense level or your criminal history

1  category.  You also retain the right to complain on appeal or
2  in a collateral proceeding of any involuntariness there may
3  have been in the giving of your plea of guilty or your waiver
4  of appellate rights.  And you retain the right to complain of
5  ineffective assistance of counsel.  If you decide to appeal on
6  any ground, you do have the right to apply for leave to appeal
7  in forma pauperis if you're unable to pay the cost of an
8  appeal
9      Do you have any questions, sir?
10         DEFENDANT GAONA:  No --
11         THE COURT:  Sir, pardon me?
12         DEFENDANT GAONA:  Thank you.
13         THE COURT:  Yes, sir.  You're remanded to the custody
14  of the United States Marshal.
15         MR. READ:  May we be excused?
16         THE COURT:  Yes, sir.
17         MR. READ:  Thank you, sir.  It's always good to see
18  you, Judge.
19         THE COURT:  Good to see you, sir.  Thank you.
20         MR. READ:  I don't want any more four week trials.
21         THE COURT:  Sir?
22         MR. READ:  I don't want any more four week trials.
23         THE COURT:  Me neither.
24      (End of proceedings, 10:45 a.m.)
25                         -oOo-

```
                                                                    10
 1                              CERTIFICATE

 2       I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter, and
 3   that the transcript was prepared by me and under my
     supervision.
 4
     s/  Ana P. Warren                            July 27, 2010
 5   Ana P. Warren, CSR #2302                         Date
     U.S. District Court Reporter
 6

 7                                 -oOo-

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```